UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAWN M.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

2:23-cv-01285-JR

OPINION & ORDER

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income. Plaintiff asserts disability beginning July 23, 2020, due to a left knee replacement, torn left leg ACL and meniscus, depression, anxiety, sleep apnea, PTSD, sciatic nerve disorder, and a deteriorating kidney. Tr. 237,

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

277. After a hearing held on June 22, 2022, an Administrative Law Judge (ALJ) determined plaintiff was not disabled. Tr. 35-62, 30. The Commissioner's decision is affirmed.

Conflicts Between the RFC (residual functional capacity) and VE (vocational expert) Testimony

Plaintiff argues the RFC limitation to jobs at reasoning level two or below conflicts with the limitation to jobs with no more than one or two-step instructions. Plaintiff contends this conflict within the RFC led to conflicts with the VE testimony that the ALJ failed to resolve. *See* SSR 00-4p, *available at* 2000 WL 1898704.

At plaintiff's hearing, the ALJ presented a hypothetical to the VE, limiting plaintiff to "performing simple routine tasks at reasoning level [two] or less, requiring no more than one or two-step instructions." Tr. 23. The VE offered three representative job titles based on the ALJ's hypothetical: bench assembler, garment sorter, and router. The VE noted that both bench assembler and router included job numbers that may exceed the limitation to one or two-step instructions. Tr. 57-58. The VE thus reduced the number of available jobs in both cases to accommodate for jobs that may exceed that limitation. Tr. 57-58. Upon questioning from the ALJ, the VE clarified that the garment sorter occupation did not require a reduction in job numbers for the one and two step limitation. Tr. 57.

ALJ's must ask the VE if their evidence conflicts with the dictionary of occupational titles (DOT), and if any evidence appears to be in conflict with the DOT, the ALJ must obtain a reasonable explanation. *See* SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1152–53 (9th Cir. 2007) (holding that an ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT and obtaining a reasonable explanation for any apparent conflict). Conflicts must be "obvious or apparent" to

Page 2 – OPINION & ORDER

trigger the ALJ's obligation to inquire further. Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016).

The Commissioner argues there is no conflict between the RFC and the VE testimony, and the Court agrees. The RFC specifies that plaintiff is limited to jobs at reasoning level two, but with the additional restriction to one to two-step instructions. Tr. 23. The VE thus identified occupations at reasoning level two, and then further reduced job numbers for two of those positions because those jobs may require more than one or two-step instructions. Thus, eliminating any obvious conflict because the VE specifically accounted for all of the limitations identified in the RFC.

Plaintiff seems to argue that, based on the limitation to one to two-step instructions, she is implicitly limited to jobs at reasoning level one and not reasoning level two, as the RFC explicitly states. See Pl. Br. at 5-6. The assumption that she is limited to reasoning level one drives much of plaintiff's argument. *See* Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1003-04 (9th Cir. 2015) (the ALJ failed to recognize an apparent conflict between one to two step tasks, and the demands of level two reasoning, and the VE did not address whether the conflict could be resolved). However, Rounds is inapposite as that case involved an ALJ's failure to resolve a conflict between an RFC limitation and the reasoning level of the jobs offered by the VE. Here, the ALJ specified plaintiff was limited to reasoning level two but added the limitation to one and two-step instructions. The VE then determined representative jobs that incorporated both limitations.

Additionally, as the Commissioner points out, the definition for level two reasoning represents an "upper limit across all jobs in the occupational category, not a requirement of every job within the category." Def. Br. at 5, *citing* Moore v. Astrue, 623 F.3d 599, 604 (8th Cir. 2010). The DOT further cautions that the occupational information "reflects jobs as they have been found

Page 3 – OPINION & ORDER

to occur" noting that they "may not coincide in every respect with the content of jobs as performed in particular establishments or certain localities." DOT Special Notice, *available at* 1991 WL 645963. In such cases where specific job requirements must be identified, the DOT advises supplementing data with "local information detailing jobs within their community." *Id*.

Here, the vocational expert recognized that not every bench assembler or router position met the two requirements of *both* reasoning level 2 and one or two-step instructions and reduced the job numbers accordingly. Tr. 57-58. This again reinforces the assertion that there is no conflict between the RFC and the VE testimony. However, even if the Court were to conclude a conflict existed, the record reflects that the ALJ fully addressed any such conflict, as required by SSR 00-4p.

As stated previously, under SSR-00-4p, an ALJ must first ask a VE if their testimony conflicts with the DOT, and if a conflict is apparent, obtain a reasonable explanation for the conflict. Here, the ALJ first asked if the VE's testimony was consistent with the DOT, to which the VE responded in the affirmative. Tr. 58. The ALJ then went a step further, noting some parts of the hypothetical "strayed into areas [] not well dealt with by the DOT" and thus inquiring if the VE's testimony had been supplemented by her "education, training and experience." *Id*. The VE again answered in the affirmative. Finally, the ALJ asked if the VE had experience analyzing or observing the specific jobs identified, to which the VE again responded in the affirmative. Tr. 58. This inquiry satisfies the requirements as laid out under SSR 00-4p.

Plaintiff argues the VE's "sua sponte reduction of numbers for two of the three jobs identified" was not sufficient to release the ALJ from his obligation to reconcile the inconsistency. Pl. Br. at 3; see Lamear v. Berryhill, 865 F.3d 1201 (9th Cir. 2017) (When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony

Page 4 – OPINION & ORDER

that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is *required* to reconcile the inconsistency (quoting Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2017)). This case, however, is distinguishable from Lamear, first because, as discussed above, there is no apparent conflict between the RFC and the VE testimony, and second because the ALJ conducted the appropriate inquiry as to whether a conflict existed, as required by both Ninth Circuit caselaw and SSR 00-4p. Thus, the ALJ did not err in relying on the VE in his step five determination.

As such, the Court concludes the ALJ satisfied his obligations at step five of the inquiry. Accordingly, this Court finds no grounds for reversing the ALJ's decision and the Commissioner's decision is upheld.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED. The Clerk is directed to enter a judgment accordingly.

DATED this 16th day of July, 2024.

/s/ Jolie A. Russo<br>
Jolie A. Russo<br>
United States Magistrate Judge

Page 5 – OPINION & ORDER